**Leonard Glenn FIORI, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–94–01553–CR, 05–94–01554–CR.

Court of Appeals of Texas,
Dallas.

Nov. 28, 1995.

Celia M. Sams, Rowlett, for Appellant.

Kimberly A. Schaefer, Assistant District Attorney, Dallas, for State.

1. TEX. PENAL CODE ANN. §§ 1.01–71.05 (Vernon 1974, 1989 & Supp.1994) (the old penal code).

Before CHAPMAN, DEVANY, and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

The trial court convicted appellant of two counts of theft of property valued between $750 and $20,000. The trial court imposed an enhanced sentence of twenty-five years' confinement in each case. In two points of error, appellant asserts (1) the trial court erred in convicting and sentencing him under the "old" penal code [1] and (2) his trial counsel was ineffective for not establishing that the value of the property stolen was less than $1500. We overrule appellant's points of error and affirm the trial court's judgments.

## BACKGROUND

After being duly admonished, appellant entered an open plea of guilty to two counts of theft of property valued between $750 and $20,000. Appellant executed judicial confessions in each case in which he admitted that he committed theft of property valued between $750 and $20,000. The judicial confessions were admitted into evidence. Appellant also executed written stipulations of evidence establishing two prior felony convictions. The cases were tried together. Appellant pleaded guilty in open court.

## CONVICTION AND SENTENCE UNDER THE OLD PENAL CODE

In his first point of error, appellant asserts: (1) the evidence was insufficient to show that he stole property valued in excess of $1500; (2) the "new" penal code [2] should be applied to appellant because he was tried after the effective date of the amendments to the old penal code; and (3) appellant would have received a lesser sentence under the new penal code because he would have been convicted for misdemeanor thefts instead of felony thefts.

Appellant's argument is premised on the application of section 311.031(b) of the government code. Section 311.031(b) provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenact-

2. TEX. PENAL CODE ANN. §§ 1.01–71.05 (Vernon 1994) (the new penal code).

ment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

TEX. GOV'T CODE ANN. § 311.031(b) (Vernon 1988). Appellant does not consider the enabling legislation accompanying the new penal code. The enabling legislation provides:

(a) The change in law made by this article[3] applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705.

It is undisputed that all of the relevant portions of the penal code did not go into effect until September 1, 1994. The court of criminal appeals has previously resolved conflicts between section 311.031(b) of the government code and specific enabling legislation regarding changes to the penal code. The court of criminal appeals has held that the specific enabling legislation supersedes government code section 311.031(b). *See Ex parte Mangrum*, 564 S.W.2d 751, 755 (Tex. Crim.App. [Panel Op.] 1978); *accord Wilson v. State*, 899 S.W.2d 36, 38–39 (Tex.App.— Amarillo 1995, pet. ref'd).

Following the court of criminal appeals' ruling in *Mangrum*, we hold that section 311.031(b) of the government code does not apply to the relevant amendments to the penal code. Instead, section 1.18 of the enabling legislation accompanying the new penal code controls.

It is undisputed that appellant committed his offenses on May 4 and 6 of 1994. Thus, pursuant to section 1.18, the trial court properly applied the old penal code in convicting and sentencing appellant. Appellant's judi-

cial confessions, testimony at trial, and guilty pleas are sufficient evidence to support the convictions. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1980) (op. on reh'g). We overrule appellant's first point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's ineffective assistance of counsel argument is premised on his position that he should have been convicted and sentenced under the new penal code. We have held appellant was properly convicted and sentenced under the old penal code. Thus, his counsel was not ineffective. We overrule appellant's second point of error.

We affirm the trial court's judgments.

---

**3.** All of the portions of the old and new penal codes relevant to this appeal are contained in the article referenced in section 1.18(a).