Janice Marie POLEDORE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–96–01560–CR, 14–96–01561–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1999.

Rehearing Overruled Dec. 9, 1999.

Lott J. Brooks, III, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and LEE.[1]

## OPINION ON MOTION FOR REHEARING

YATES, J.

We withdraw our opinion of August 19, 1999 and substitute the following opinion. Appellant, Janice Marie Poledore, appeals her convictions for felony theft and felony debit card abuse. In cause number 512,-459, appellant was charged by indictment with the felony offense of theft; on August 15, 1989, appellant pleaded nolo contendere with an agreed recommendation by the State as to punishment. The trial court deferred adjudication of guilt and placed appellant on probation for five years. On December 29, 1993, the State filed a motion to adjudicate guilt and a capias was issued for appellant's arrest. Appellant was arrested on new charges for misdemeanor theft, on August 9, 1996. Two days later, the warrant issued in the present case was executed. On August 19, 1996, the State filed its first amended motion to adjudicate guilt.

In cause number 561,435, appellant was charged by indictment with the felony offense of debit card abuse. Appellant pleaded nolo contendere without an agreed recommendation by the State. On June 28, 1991, the trial court deferred adjudication and placed appellant on probation for six years. On December 29, 1993, the State filed a motion to adjudicate guilt; on August 19, 1996, the State filed its first amended motion to adjudicate guilt.

The trial court conducted a hearing on both motions on December 16, 1996. Finding the allegations in both motions to be true, the trial court adjudicated appellant guilty and revoked her probation on

1. Senior Justice Norman Lee sitting by assignment.

both offenses. The trial court then assessed punishment at eight years' imprisonment for each offense.

In three points of error, appellant contends the trial court committed reversible error in granting the State's motion to adjudicate guilt for the felony theft offense, where the revocation hearing was conducted after the probation period had expired and where the State failed to show due diligence in apprehending the appellant. Furthermore, appellant asserts the trial court committed reversible error in adjudging, as third degree felonies, appellant's guilt and punishment for the theft and debit card abuse offenses, where appellant's sentencing hearing commenced after the effective date of the changes in the penal code. We affirm.

## DUE DILIGENCE

■ In her first point of error, appellant contends the trial court erred in granting the State's motion to adjudicate guilt under cause number 512,459 because the revocation hearing was conducted after her probation period expired, and the State failed to show due diligence in apprehending her. On December 29, 1993, months before the appellant's probation period expired, the State filed a motion to adjudicate appellant's guilt on the theft charge. A capias was issued the same day. On December 16, 1996, a hearing was held on this motion, at which time appellant asked the probation officer in charge of her case whether he had any record of the State's attempts to execute the outstanding capias. The probation officer answered in the negative. At the close of this hearing, appellant argued that the State failed to exercise due diligence in executing the capias, and directed the court to dismiss the State's motion. The trial court adjudicated appellant guilty and revoked her probation. Appellant now contends that because the State wholly failed to present evidence of its diligence in making the arrest, the trial court erred in granting the State's motion to adjudicate guilt.

Recently, the Court of Criminal Appeals determined whether a defendant may challenge the sufficiency of the State's evidence of due diligence in this situation. *See Connolly v. State*, 983 S.W.2d 738, 739 (Tex.Crim.App.1999). In *Connolly*, appellant received deferred adjudication community supervision for five years. *See id.* Subsequently, prior to the expiration of this period, the State filed a motion to revoke community supervision and proceed to judgment, alleging that appellant had violated several conditions of his supervision. *See id.* Four months *after* appellant's supervisory term expired, appellant was arrested. *See id.* At the revocation hearing, appellant moved to dismiss the State's motion to revoke and proceed to judgment, arguing that the State failed to use due diligence to apprehend him. *See id.* The trial court granted the State's motion to revoke and found that appellant violated the conditions of his community supervision as alleged. *See id.* On appeal, appellant argued that the record contained insufficient evidence to support the court's finding of due diligence on the part of the State. *See id.*

The *Connolly* court held that, "given the plain meaning of Article 42.12, § 5(b) [of the Code of Criminal Procedure], an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process." *Id.* at 741. The court then reasoned that because the due diligence issue " 'is really in the nature of a plea in bar or defense,' " the trial court's finding on the issue was merely a part of its decision to revoke and proceed to judgment and was not appealable. *See id.* (citing *Harris v. State*, 843 S.W.2d 34, 35–36 n. 1 (Tex.Crim.App. 1992)). Accordingly, we will not reach the merit's of appellant's argument and we dismiss her first point of error.

## PUNISHMENT

■ In her second and third points of error, appellant contends the trial court

erred in adjudging and assessing punishment, as third degree felonies, the offenses of theft and debit card abuse. On September 1, 1994, the 1993 amendments to the penal code became effective and reclassified offenses similar to appellant's as state jail felonies. *See* TEX.PEN.CODE ANN. §§ 31.03(e)(4), 32.31(d) (Vernon 1994). The amendments reduced the punishment range from not more than ten years or less than two years confinement, to not more than two years or less than 180 days. *See* TEX.PEN.CODE ANN. § 12.35(a) (Vernon 1994). Appellant argues that her guilt under both offenses should have been adjudicated as state jail felony offenses because, although her crimes were committed prior to the enactment of the new statutes, her punishment was assessed after the effective date of the amendments. Therefore, according to appellant, the trial court should have given effect to the legislature's policy of leniency, as evidenced by the amendments in the penal code, reducing her crimes from third degree felonies carrying a maximum prison sentence of ten years, to state jail felonies with a maximum sentence of two years.

Appellant's argument is premised on the application of section 311.031(b) of the government code. Section 311.031(b) provides:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

TEX. GOV'T CODE ANN. § 311.031(b) (Vernon 1998). However, the amended penal code is accompanied by enabling legislation, which limits the applicability of the amended penal code to offenses committed on or after the effective date, or September 1, 1994. *Fiori v. State*, 918 S.W.2d 532, 533 (Tex.App.—Dallas 1995, no pet.) (citing Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705); *see also* TEX.PEN.CODE ANN. §§ 31.03(e)(4), 32.31(d) (Vernon 1994). An offense is committed before the effective date if any element of the offense occurs before September 1, 1994. *See id.* An offense committed before the effective date is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. *See id.* Appellant argues that the general provision in the government code controls because, although the enabling provisions speak to the elements of the offense, they are silent as to the appropriate punishment to be assessed.

■ The Court of Criminal Appeals has previously resolved conflicts between section 311.031(b) of the government code and specific enabling legislation regarding changes to the penal code. It held that the specific enabling legislation supersedes section 311.031(b). *See Ex parte Mangrum*, 564 S.W.2d 751, 755 (Tex.Crim.App. [Panel Op.] 1978); *Fiori*, 918 S.W.2d at 533; *Scott v. State*, 916 S.W.2d 40, 41–42 (Tex.App.—Houston [1st Dist.] 1995, no pet.). Following the Court of Criminal Appeals' ruling in *Mangrum*, we hold that section 311.031(b) of the government code is superseded by the relevant amendments to the penal code. Therefore, the enabling legislation accompanying the new penal code controls. *See Fiori*, 918 S.W.2d at 533.

It is undisputed that appellant committed the offenses of theft and debit card abuse in May 1988 and August 1989, respectively. Thus, pursuant to the enabling statutes, the trial court properly applied the former penal code in sentencing appellant. Consequently, we overrule appellant's second and third points of error.

The trial court's judgment is affirmed.