11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Israel Jesus Tijerina

Appellant

Vs.                   No.
11-01-00173-CR B Appeal from Taylor County

State of Texas

Appellee

                                                             Memorandum
Opinion

On April
15, 1994, Israel Jesus Tijerina waived his right to a trial by jury and entered
a plea of Aguilty@ to the indictment for burglary of a vehicle.  The offense occurred on September 9, 1992.  The trial court accepted his plea, deferred
the adjudication of guilt, and placed appellant on probation for 6 years
pursuant to the plea bargain agreement. 
On September 17, 1996, the court granted the State=s motion to adjudicate and then placed
appellant on community supervision for 6 years.  On April 27, 2001, the trial court granted the State=s motion to revoke community supervision,
reduced the sentence to confinement for a term of 5 years from that date, and
gave credit for 388 days spent in jail. 
Appellant appeals.  We affirm.

                                                                 Issues
for Review

Appellant
presents two issues for appellate review. 
First, he argues that the trial court erred because he Adid not waive his rights to a jury trial in
compliance with Art. 1.13@ of the Penal Code.  Next, he
argues that the trial court erred by sentencing him for a third degree felony
when he Ashould have been sentenced for a Class A
misdemeanor.@  Both
issues will be discussed.

                                                               Waiver
of Jury Trial








Appellant=s brief refers to the instrument found at
Page No. 6 of the clerk=s record.  The instrument
actually starts at Page No. 4 of the clerk=s record, and it contains 4 pages. 
The heading shows that it is AWRITTEN  PLEA  ADMONISHMENTS@ for the 42nd District Court of Taylor County.  It shows that appellant was admonished in
writing that he was charged with the felony offense of burglary of a motor
vehicle; that the range of punishment was not more than 10 years nor less than
2 years confinement plus a fine not to exceed $10,000; and that, if the court
defers adjudicating guilt, Aon violation of any imposed condition, [appellant] may be arrested
[and] entitled to a hearing limited to the determination by the Court of
whether to proceed with an adjudication of guilt on the original charge.@ 
After those written admonishments are the ASTATEMENTS OF DEFENDANT@ which include the following:

1.  Comes now the defendant, joined by my
counsel, and state that I understand the foregoing admonishments from the Court
and am aware of the consequences of my plea. 
I further state that I am mentally competent and that my plea is freely
and voluntarily entered....I am satisfied with representation given to me by my
counsel....I also waive and give up under Art. 1.14 C.C.P. all rights given me
by law, whether of form, substance or procedure.  Joined by my attorney, I waive and give up my right to a jury
in this case, waive and give up the right to appearance, confrontation and
cross-examination of the witnesses and consent to oral and written stipulations
of evidence, and waive and give up my right to the preparation and filing of a
presentence investigation report.

 

2.  Defendant will plead guilty to the offense
of BURGLARY OF A MOTOR VEHICLE, and receive the following agreed sentence: cc
& 750 fine, restitution of 289.00 [and] 6 yrs deferred/adj st.

 

                                                           *    *   
*

 

I HAVE READ AND UNDERSTAND THE FOREGOING
STATEMENTS AND SWEAR THAT THEY ARE TRUE. 
(Emphasis added;
Boldface in original)

 

Appellant signed the form
immediately below the statement which is in boldface type, and his signature
was sworn to and verified by a deputy district clerk.  Just below that verification, the trial court judge, appellant=s counsel, and the prosecutor signed the form
to show that each of them Ajoin in and approve the waivers and stipulations [and] agree that the
Defendant is fully competent to stand trial...and that the defendant=s plea was freely and voluntarily entered.@








First, we
find that appellant=s
waiver of his right to jury trial was sufficient.  TEX. CODE CRIM. PRO. ANN. art. 1.14 (Vernon Supp. 2002) permits a
defendant to waive the right of trial by jury in all cases Aexcept that a defendant in a capital felony
case@ may only waive the right of trial by jury in
the manner permitted by TEX. CODE CRIM. PRO. ANN. art. 1.13(b) (Vernon Supp.
2002).  This was not a capital felony
case; consequently, Article 1.13(b) was not applicable.  Second, there was no timely objection to any
defect in the waiver.  See TEX.R.APP.P.
33.1(a).  Finally, even if there had
been a timely objection, any error would have been disregarded under
TEX.R.APP.P. 44.2(b).  See Whitmire v.
State, 33 S.W.3d 330, 333-34 (Tex.App. - Eastland 2000, no pet=n), where this court held that the judge=s discussion with the defendant[1]
clearly showed that the defendant understood the right to jury trial and Avoluntarily relinquished that right in open
court on the record.@  One of the cases cited in support of his
claim on this issue is Carter v. State, 928 S.W.2d 745 (Tex.App. - Eastland
1996, pet=n ref=d).  In that case this court
held that: 

[W]here the judgment recites that the
defendant waived his right to trial by jury, the burden is on the defendant to
affirmatively establish that he did not waive his right to a jury trial.

 

The first issue for
review is overruled.

                                                  Effect
of Amendment of Penal Statute

 TEX. PENAL CODE ANN. ' 30.04 (Vernon Supp. 2002) now states that
burglary of a vehicle is a AClass A misdemeanor@ (unless the vehicle is a rail car). 
Prior to the 1993 amendment, 
this statute had provided that burglary of a vehicle was a  Afelony of the third degree.@  As noted in Davila v. State,
930 S.W.2d 641, 654 (Tex.App. - El Paso 1996, pet=n ref=d):

In
amending the Penal Code, the Legislature specifically provided that an offense
committed before the effective date of the amendments is governed by the law in
effect when the offense was committed. 
Acts 1993, 73rd Leg., R.S., ch. 900.

 

The
effective date of the 1993 amendment was September 1, 1994.  The offense for which appellant was
convicted was committed on September 9, 1992. 
Consequently, the trial court did not err in sentencing appellant for a
third degree felony.  See Poledore v.
State, 8 S.W.3d 22, 25 (Tex.App. - Houston [14th Dist.] 1999, pet=n ref=d.).  The second issue for
review is overruled.

                                                             This
Court=s Judgment

The
judgment of the trial court is affirmed.

 

April 11, 2002                                                              BOB
DICKENSON

Do not publish.  See TEX.R.APP.P. 47.3(b).                SENIOR
JUSTICE

Panel consists of:  Arnot, C.J., and 

Wright, J., and Dickenson, S.J.[2]












[1]There was a similar discussion between the court and
appellant, and it was also on the record and in open court.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.