11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Stephen
Bruce Roberts

Appellant

Vs.                   No. 11-02-00109-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

The trial court convicted appellant, upon his plea of
guilty, of felony driving while intoxicated.[1]  A plea bargain agreement was not
reached.  The trial court assessed
punishment at confinement for 8 years and a $500 fine.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in which he states that he has diligently examined the record and
searched the applicable law and that he has concluded that there are no
arguable points of error.  In his brief,
counsel reviews the indictment, the statutory warnings, the pretrial
proceedings, the sufficiency of the evidence, the testimony presented, the
effective assistance provided by trial counsel, and the sentencing phase of the
trial.  Counsel advises this court that
the appeal is frivolous and without merit.

Counsel has furnished appellant with a copy of the brief and
has advised appellant of his right to review the record and file a pro se
brief, and a pro se brief has been filed. 
Counsel has complied with the procedures outlined in Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).








In his pro se brief, appellant contends that his plea was
not freely and voluntarily entered because he was on Prozac, Celexa, and
Vistaril at the time.  Appellant further
states that his signature on his plea papers and on his notice of appeal
established that he was not mentally competent at the time.  Appellant states that he only answered the
trial court=s questions
with a Ayes@ because he
believed his trial counsel knew best. 
While it troubled him at the time to answer Ayes,@ appellant
states that his trial counsel had advised him that he would Aprobably get
probation.@  Appellant also contends that his confession
was not voluntary because he had not been taking his medication for
depression.  Therefore, he argues that
he gave his confession under extreme duress. 
Finally, appellant complains that his sentence of confinement for 8
years was severe. 

The record does not support appellant=s
contentions.  The record reflects that
appellant received both written and oral admonishments.  Both sets of admonishments complied with the
requirements of TEX. CODE CRIM. PRO. ANN. art. 26.13 (Vernon 1989 & Supp.
2003).  Appellant informed the trial
court in open court that he understood the range of punishment; that he read
and understood his plea papers; that trial counsel had explained the papers and
the proceedings to him; that he wanted to enter a plea of guilty; that he was
entering his plea freely and voluntarily; and that no one had placed him in
fear, had threatened him, had coerced him, or had promised him any thing to
enter a guilty plea.  Appellant went on
to testify in his own behalf.  Appellant
stated that he had Anot completely@ conquered his alcohol problem.  Appellant testified that, while he was
confined in prison on a prior felony DWI, he participated in a program that
S.A.I.F.P. ran at the Le Blanc Pre-Release Facility.  Appellant stated that he wanted more treatment for his alcohol
problem and that he Awould sure like to have a chance to prove that
[he could] be a good to society and stop drinking totally.@  Appellant had eight prior DWI convictions
and two prior felony DWI convictions. 








Appellant signed the plea papers, judicial confession, and
notice of appeal on March 8, 2002, the same day as his trial.  While his signature on these documents
appears to be Ashakier@ than his
signature on a document in the clerk=s record dated November 29, 2001, the
trial court decided to proceed with the trial after admonishing appellant in
open court on March 8.  The only
reference to any recommendations as to punishment in the record is the plea
agreement document in which appellant=s plea is stated to be an AOpen plea@ and the State
recommended confinement for seven years and a fine.  It is clear from appellant=s testimony at trial, from his trial
counsel=s arguments to
the court, and from appellant=s comments[2]
when punishment was pronounced that appellant=s trial tactic was to ask for leniency
and probation.  

 To the extent that
appellant is challenging the sufficiency of the evidence and the effectiveness
of trial counsel=s performance,
the record does not support these claims either.  Appellant=s judicial confession was sufficient to support
the conviction.  Dinnery v. State, 592
S.W.2d 343 (Tex.Cr.App.1980); Daw v. State, 17 S.W.3d 330 (Tex.App. - Waco
2000, no pet=n); Fiori v.
State, 918 S.W.2d 532 (Tex.App. - Dallas 1995, no pet=n).  The record reflects that trial counsel
provided reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App.1999). The record does not reflect that there
is a reasonable probability that, but for counsel=s actions,  appellant would have not pleaded guilty but would have insisted
on going to trial.  Hill v. Lockhart,
474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997).

We have considered all of the contentions that appellant
raises in his pro se brief.  All
contentions are overruled.

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

March
6, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.











[1]TEX. PENAL CODE ANN. ' 49.09(b) (Vernon Supp.
2003) provides that, if a person has two prior DWI convictions and commits a
third DWI, the third DWI is a third degree felony.





[2]Appellant stated in open
court that he thought his punishment was Aa little bit steep.@ 
Appellant also told the trial court that he had been to prison once and
that prison had not done Aany good.@