In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00085-CR
______________________________


DONALD WESLEY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 26347


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â On May 9, 2003, Donald Wesley pled guilty before the court, pursuant to a plea
agreement, to intentionally or knowingly possessing a controlled substance, cocaine. See
Tex. Health & Safety Code Ann. Â§ 481.115(a), (b) (Vernon 2003). In accord with the
agreement, the trial court found that the evidence substantiated Wesley's guilt, but
deferred further proceedings without entering a finding of guilt and placed Wesley on
community supervision for five years. See Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 5(a)
(Vernon Supp. 2004â2005). 
Â Â Â Â Â Â Â Â Â Â On September 19, 2003, the State filed a motion to revoke Wesley's community
supervision and to proceed to adjudication and judgment, but later moved to dismiss the
motion, noting that the conditions of Wesley's supervision had been modified to place him
in a substance abuse sanction program. The State's motion to dismiss was granted by the
trial court November 5, 2003. On March 24, 2004, the State filed another motion to revoke
Wesley's supervision and to proceed to adjudication and judgment, and amended that
motion March 31, 2004. 
Â Â Â Â Â Â Â Â Â Â A hearing was held on the State's amended motion May 5, 2004. The court found
that Wesley had violated the conditions of his community supervision as the State had
alleged. The court then adjudged Wesley guilty of the offense originally charged and
sentenced him to two years' confinement in a state jail facility. 
Â Â Â Â Â Â Â Â Â Â Wesley appeals, contending in a single point of error that the trial court erred at his
revocation hearing by refusing to consider his affirmative defense of due diligence afforded
by Article 42.12, Section 24 of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 42.12, Â§ 24 (Vernon Supp. 2004â2005). 
Â Â Â Â Â Â Â Â Â Â Article 42.12, Section 5(b) of the Code of Criminal Procedure provides: 
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained
as provided in Section 21 of this article. The defendant is entitled to a
hearing limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge. No appeal may be taken from
this determination. 
Â 
Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 5(b) (Vernon Supp. 2004â2005).
Â 
Â Â Â Â Â Â Â Â Â Â In construing this provision, the Texas Court of Criminal Appeals has stated:
Â 
[G]iven the plain meaning of Article 42.12, Â§ 5(b), an appellant whose
deferred adjudication probation has been revoked and who has been
adjudicated guilty of the original charge, may not raise on appeal contentions
of error in the adjudication of guilt process.
Â 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999).
Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals went on to hold that the trial court's decision
about whether the State exercised due diligence in apprehending the defendant and
having a hearing on adjudication of guilt was "merely a part of its decision to revoke and
proceed to judgment, and no appeal lies from that decision." Id.
Â Â Â Â Â Â Â Â Â Â Although the Connolly court was not construing Article 42.12, Section 24, we hold
that a decision by the trial court concerning due diligence pursuant to Article 42.12,
SectionÂ 24 is likewise "a part of its decision to revoke and proceed to judgment," and that
no appeal lies from that decision. See also Poledore v. State, 8 S.W.3d 22, 24 (Tex.
App.âHouston [14th Dist.] 1999, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â We therefore conclude this Court lacks jurisdiction to consider Wesley's challenge
to the trial court's refusal to consider his affirmative defense of due diligence under Article
42.12, Section 24. Â 
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â January 24, 2005
Date Decided:Â Â Â Â Â Â Â Â Â February 9, 2005
Â 
Publish



ccent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00145-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NICHOLAS NOEL SALAZAR,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 114th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Smith County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 114-1335-09

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  At the time
Nicholas Noel SalazarÂs guilt was orally adjudicated[1]
and he was sentenced by the trial court in Smith County,[2]
the court, among other things, ordered Âthe balance of restitution paid.ÂÂ  Shortly thereafter, the trial court entered
an order of final adjudication ordering Salazar to pay $11,314.75 as the Âamount
of restitution owed.ÂÂ  On appeal, Salazar
contends there was no evidence supporting the trial courtÂs restitution award,
such that the balance of restitution owed could not be discerned from the
record.[3]Â  We disagree.

Â Â Â Â Â Â Â Â Â Â Â  ÂIn all
revocations of a suspension of the imposition of a sentence the judge shall
enter the restitution or reparation due and owing on the date of the revocation.ÂÂ  Tex.
Code Crim. Proc. Ann. art. 42.03, Â§ 2(b) (Vernon Supp. 2010).Â  We review challenges to restitution orders
under an abuse of discretion standard.Â  Cantrell v. State, 75 S.W.3d 503, 512
(Tex. App.ÂTexarkana 2002, pet. refÂd) (citing Cartwright v. State, 605 S.W.2d 287, 288Â89 (Tex. Crim. App. [Panel
Op.] 1980)).Â  A trial court abuses its
discretion when it acts in an arbitrary or unreasonable manner.Â  Id. (citing
Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990)).Â  The amount
of restitution must be supported by the record.Â 
Campbell v. State, 5 S.W.3d
693, 696, 699 (Tex. Crim. App. 1999) (citing Cartwright, 605 S.W.2d at 289).

Â Â Â Â Â Â Â Â Â Â Â  The trial courtÂs
finding of $11,314.75 as the Âamount of restitution owedÂ was supported by the
record.Â  Contained within the trial
courtÂs previous community supervision order, as amended, was a requirement
that Salazar Â[p]ay restitution in the total amount of $11,744.75 at the rate
of $215.00 each month beginning January 2010.Â[4]Â  At the June 2010 hearing, the State alleged
that Salazar failed to pay restitution in MarchÂMay of 2010.Â  Salazar pled Ânot
trueÂ to this allegation.Â  SalazarÂs
community supervision officer, Lee Chastain, testified that the last time
Salazar made a payment of any sum, including restitution, was February 17,
2010.Â  Thus, there was sufficient
evidence for the trial court to find that restitution was paid for only two
months, totaling $430.00.Â  Subtracting
this sum from the amount of restitution initially ordered yields a balance of
$11,314.75.

Â Â Â Â Â Â Â Â Â Â Â  Because the
restitution award was supported by the record, we affirm the trial courtÂs
judgment. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
17, 2010Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November
18, 2010

Â 

Do Not Publish











[1]Salazar,
earlier, had been placed on deferred adjudication community supervision after
having pled guilty to burglary of a habitation.Â 
He subsequently pled true to several violations of community
supervision.Â  The trial court adjudicated
guilt and sentenced Salazar to eight yearsÂ confinement and a $2,000.00
fine.Â  Salazar was also ordered to pay
restitution in an amount to be determined.Â 


Â 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann.
Â§ 73.001 (Vernon 2005).Â  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.Â  See Tex.
R. App. P. 41.3.

Â 





[3]The
State contends that Salazar waived his point of error on appeal by failing to
object.Â  A party need not object to
preserve an evidentiary sufficiency claim concerning a restitution order or the
amount of restitution.Â  Mayer v. State, 309 S.W.3d 552, 555
(Tex. Crim. App. 2010).Â  





[4]The
amount of restitution initially ordered is not the subject of this appeal.