**AFFIRMED as MODIFIED; and Opinion Filed October 18, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01289-CR

### VINCENT ODELL MCKENZIE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

## On Appeal from the 194th Judicial District Court
## Dallas County, Texas
## Trial Court Cause No. F19-58247-M

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

Appellant, Vincent Odell McKenzie, pleaded guilty to the felony offense of assault family violence breath/circulation, and the trial court placed him on deferred adjudication community supervision for five years. Thereafter, the State moved to revoke appellant's community supervision alleging appellant had violated various conditions of his community supervision. At the hearing on the State's motion, appellant pleaded not true to the State's alleged violations and the State struck one of its asserted bases for revocation. At the conclusion of the hearing, the trial court revoked appellant's community supervision, adjudicated appellant guilty of assault

family violence impeding breath/circulation, and assessed punishment at ten years' confinement in the Texas Department of Criminal Justice.

## Anders

Appellant's appointed appellate counsel filed an *Anders* brief and a motion to withdraw, stating that she had made a thorough review of the entire appellate record and that, in her opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel certified that she delivered a copy of the brief to appellant, and by letter dated April 18, 2023, we advised appellant of his right to file a pro se response by June 20, 2023, and cautioned that failure to file a pro se response by that date would result in the case being submitted on his appointed counsel's *Anders* brief. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). Appellant has not filed a pro se response, and the State has filed a letter brief concurring with appellant's counsel's assessment of the appeal and joining in her request that the judgment be reformed to reflect appellant's plea of not true, rather than true.

An *Anders* brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). This evaluation requires that counsel refer the court to anything in the record that might arguably

–2–

support the appeal, citing applicable authorities. *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

After court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we must independently examine the record to determine whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"). An appeal is wholly frivolous when it lacks any basis in law or fact; an argument is frivolous if it cannot "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n. 12 (Tex. Crim. App. 2008).

If, after conducting an independent review of the record, we conclude either that appellate counsel has not adequately discharged his or her constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

With these principles in mind, we turn to considering counsel's *Anders* brief after we briefly discuss the factual and procedural background of the case.

### BACKGROUND

On October 29, 2019, appellant was charged by indictment with assault family violence involving J.K., a woman with whom he had a dating relationship. The

assault was alleged to have occurred on September 12, 2019. The indictment also included two enhancement paragraphs. On January 28, 2021, appellant pleaded guilty to the charged offense pursuant to a plea agreement and, in accordance with that agreement and upon the motion of the State, the trial court struck the enhancement paragraphs. The trial court admitted into evidence appellant's signed judicial confession and stipulation of evidence and entered an order of deferred adjudication and imposed conditions for appellant's community supervision.

Over time, the State filed various motions to revoke appellant's community supervision. The State withdrew several of its motions when orders were entered modifying the conditions of appellant's community supervision. On November 2, 2022, the trial court conducted a hearing on the State's September 29, 2022 amended motion to revoke community supervision in which the State asserted appellant had violated the conditions of his community supervision by: (1) violating the laws of the State of Texas by committing a new assault family violence offense; (2) failing to follow the rules and regulations of the Drug Patch agreement; (3) using cocaine as evidenced by a positive urine screen; (4) failing to report to the Supervision Officer as directed for the months/weeks of June 2022 and July 2022, and any months thereafter; and (5) failing to refrain from contact with M.P., the woman appellant was alleged to have assaulted on May 25, 2022. Appellant appeared at the hearing, was represented by counsel and entered a plea of "not true" to the alleged violations of the conditions of his community supervision. The State withdrew its

assertion that appellant had violated the laws of the State of Texas as a basis for revocation of his community service. Appellant did not testify at the hearing, and the State called a probation officer assigned to the trial court and an investigator with the Dallas County District Attorney's office to testify on its behalf. The probation officer testified that she was familiar with appellant, that notes indicated appellant last reported in May 2022, tested positive for cocaine, failed to get the drug patch and was discharged from the Battery Intervention and Protection Program (BIPP). The investigator testified regarding contact appellant had with M.P. through the jail SECURUS phone system. At the conclusion of the hearing, the trial court found appellant violated conditions of his community supervision, revoked appellant's community supervision and assessed punishment at ten years' confinement.

## DISCUSSION

Taking into consideration the posture in which this case reached this Court, we conclude that, pursuant to the guidelines set forth in *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel provided a thorough recitation of the facts in the record with record references, citations to legal authorities, and her professional evaluation and analysis of any potential meritorious grounds for appeal.

Counsel indicated that she reviewed the entire appellate record to determine whether appellant might have a complaint, with respect to the original deferred adjudication proceeding, regarding the indictment, the waiver of a jury trial, the

–5–

voluntariness of his plea, the admonishments given in connection with his plea, the sufficiency of the evidence to support his plea of guilty, and objections asserted by trial counsel, and, with respect to the revocation proceeding, regarding the motion to revoke community supervision, the trial court's jurisdiction to hear the State's motion to revoke, objections asserted in connection with the hearing on the State's motion, whether appellant violated a condition of his community supervision, the punishment assessed, trial counsel's performance, and the written judgment.

## I.    Original Deferred Adjudication Proceeding[1]

Having reviewed the appellate record, appellant's counsel concluded that, in the original deferred adjudication proceeding, the indictment contained all of the elements of the charged offense and conferred jurisdiction upon the trial court. *See* TEX. CONST. art. V, § 12; TEX. PENAL CODE ANN. § 22.01(b)(2)(B). In addition, she noted that the trial court's order of deferred adjudication indicates appellant pleaded guilty pursuant to a plea bargain and the Certification of Defendant's Right of Appeal indicates appellant's case "is a plea-bargain case, and the defendant has NO

---

[1] We recognize that a defendant placed on deferred adjudication community supervision may generally raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 662–62 (Tex. Crim. App. 1999). The Texas Court of Criminal has recognized two exceptions to the general rule, the "void judgment" exception and the habeas corpus exception. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). The Court of Criminal Appeals appears to have abrogated the habeas corpus exception but said that a claim that a sentence is illegal may be raised at any time. *See Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); *see also Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); *Nix*, 65 S.W.3d at 670. With respect to appellate counsel's review of the original deferred adjudication proceeding, we make no comment regarding whether any of the areas she considered could fall within an exception to the general rule precluding attack of the original proceeding on appeal from the revocation proceeding, and simply note her review and analysis here.

right of appeal. [*or*] the defendant has waived the right of appeal." Thus, concludes appellant's counsel, appellant cannot raise a complaint regarding the indictment conferring jurisdiction unless it was raised by a written motion filed and ruled on before trial. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). No complaint was made to the indictment, by motion or objection, so appellant's counsel concludes appellant may not assert any complaint regarding same on appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

With respect to the jury waiver, appellant's counsel noted that the waiver was signed by all parties and the trial court consented to and approved the waiver, satisfying the requirements of Article 1.13 of the Code of Criminal Procedure. *Id.* art. 1.13.

Appellant's counsel searched the record for any pretrial motions and found none.

With respect to the voluntariness of appellant's plea, appellant's counsel noted that before the trial court accepted appellant's plea, the court inquired as to the voluntariness of same and appellant's understanding of the consequences of same. Appellant indicated he understood the consequences of his plea. The trial court accepted appellant's guilty plea, found him to be mentally competent to enter his plea and found he made his plea freely and voluntarily. Appellant's counsel indicated that after a complete review of the record, she was satisfied that appellant was competent to enter his plea and that his plea was made both freely and

voluntarily. *See id.* art. 26.13(b) (no plea of guilty shall be accepted unless it appears the defendant is mentally competent, and the plea is free and voluntary).

Appellant's counsel pointed out that the record contains written admonishments, signed by appellant, that comply with the requirements of Article 26.13 of the Code of Criminal Procedure. Additionally, the trial court and trial counsel orally admonished appellant. Appellant's counsel concluded the admonishments were sufficient to substantially comply with Article 26.13 and did not provide a basis for an appeal. *See id.* art. 26.13(c) (substantial compliance by the court is sufficient unless the defendant shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court).

With respect to evidence substantiating appellant's plea of guilty, appellant signed a judicial confession and a stipulation of evidence, which were introduced into evidence. Appellant's counsel noted that the judicial confession, standing alone, is sufficient evidence to support appellant's conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g); *Fiori v. State*, 918 S.W.2d 532, 533 (Tex. App.—Dallas 1995, no pet.).

Appellant's counsel indicated that during the original deferred adjudication proceeding no objections were made on appellant's behalf and the record does not reflect any opportunity where a proper objection could have been interposed on appellant's behalf.

## II. Revocation of Community Supervision

With respect to the State's amended motion to revoke, appellant's counsel noted the trial court had jurisdiction to adjudicate appellant's guilt and revoke community supervision because all relevant events took place before the expiration of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108. In addition, appellant's counsel stated that she reviewed the State's amended motion to revoke and concluded it gave appellant fair notice of the bases for the State's request for revocation of community supervision and thus satisfied due process requirements. Appellant did not lodge a complaint concerning the State's motion to revoke, and there is no basis for complaint on appeal. TEX. R. APP. P. 33.

Appellant's counsel indicated she searched the record to see if any pretrial motions were filed in connection with the revocation proceeding, a ruling upon which might be a basis for complaint on appeal, and found none.

With respect to objections appellant made to the admission of certain evidence at the hearing on the State's motion to revoke, appellant's counsel concluded any argument concerning the trial court's rulings on same would be frivolous.

Appellant's counsel stated she reviewed the record to determine whether an excessive punishment argument exists. She noted that the punishment assessed was within the range established by the legislature. We note that, in general, when the judge's sentence is within the applicable range of punishment, it will not be disturbed

on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Also, when the punishment assessed is within the statutory range, it is not constitutionally cruel and unusual and is not a violation of the Eighth Amendment to the United States Constitution. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Counsel reviewed the record and concluded the punishment assessed was not excessive.

With respect to a basis upon which the trial court was permitted to revoke appellant's community supervision and adjudicate his guilt, appellant's counsel pointed out that a violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). At the hearing on the State's motion to revoke, the probation officer testified that she was familiar with appellant, that notes indicated appellant last reported in May 2022, tested positive for cocaine, failed to comply with the rules of Drug Patch and was discharged from BIPP. The investigator testified regarding certain jail calls and identified the participants in the calls as appellant and M.P. Thus, there is evidence in the record to support revocation of appellant's community supervision due to his failure to follow the rules and regulations of the Drug Patch, use of cocaine, failure to report, and contact with M.P.

Appellant's counsel reviewed the performance of trial counsel and concluded appellant received reasonably effective assistance of trial counsel based on the

–10–

standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).

Appellant's counsel indicated that the written judgment accurately reflects the sentence that was imposed, and that appellant was given proper back time credit. She pointed out that the judgment incorrectly states appellant entered a plea of "TRUE" and requested that the error be corrected.

We have reviewed the entire record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. However, as appellant's counsel pointed out, it does appear that the judgment incorrectly shows that appellant entered a plea of "TRUE" to the alleged violations of his community supervision rather than a plea of not true.

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment to reflect that appellant's plea to the alleged violations of the terms of his community supervision was "not true."

## III. Motion to Withdraw

In accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex.

App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel shall send a copy of the opinion and judgments to appellant and advise appellant of his right to pursue a petition for discretionary review. *See* TEX. R. APP. P. 48.4.

## CONCLUSION

Given our review of the record and counsel's brief, we agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably and substantively support the appeal of the trial court's judgment. Accordingly, as modified, we affirm the trial court's judgment and grant counsel's motion to withdraw.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

221289F.U05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VINCENT ODELL MCKENZIE,
Appellant

No. 05-22-01289-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-58247-M.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect appellant entered a plea of NOT TRUE to the alleged violations of the terms of his community supervision.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of October, 2023.