**Donald WESLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00085–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 24, 2005.

Decided Feb. 9, 2005.

---

Mark W. Cargill, Cargill & Associates, Palestine, for Appellant.

Doug Lowe, Dist. Atty., Colin Dean McFall, Asst. Dist. Atty., Palestine, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

On May 9, 2003, Donald Wesley pled guilty before the court, pursuant to a plea agreement, to intentionally or knowingly possessing a controlled substance, cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003). In accord with the agreement, the trial court found that the evidence substantiated Wesley's guilt, but deferred further proceedings without entering a finding of guilt and placed Wesley on community supervision for five years. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2004–2005).

On September 19, 2003, the State filed a motion to revoke Wesley's community supervision and to proceed to adjudication and judgment, but later moved to dismiss the motion, noting that the conditions of Wesley's supervision had been modified to place him in a substance abuse sanction program. The State's motion to dismiss was granted by the trial court November 5, 2003. On March 24, 2004, the State filed another motion to revoke Wesley's supervision and to proceed to adjudication and judgment, and amended that motion March 31, 2004.

A hearing was held on the State's amended motion May 5, 2004. The court found that Wesley had violated the conditions of his community supervision as the State had alleged. The court then adjudged Wesley guilty of the offense originally charged and sentenced him to two years' confinement in a state jail facility.

Wesley appeals, contending in a single point of error that the trial court erred at his revocation hearing by refusing to consider his affirmative defense of due diligence afforded by Article 42.12, Section 24 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 24 (Vernon Supp.2004–2005).

Article 42.12, Section 5(b) of the Code of Criminal Procedure provides:

On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

514

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004–2005).

In construing this provision, the Texas Court of Criminal Appeals has stated:

> [G]iven the plain meaning of Article 42.12, § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process.

*Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999).

The Texas Court of Criminal Appeals went on to hold that the trial court's decision about whether the State exercised due diligence in apprehending the defendant and having a hearing on adjudication of guilt was "merely a part of its decision to revoke and proceed to judgment, and no appeal lies from that decision." *Id.*

Although the *Connolly* court was not construing Article 42.12, Section 24, we hold that a decision by the trial court concerning due diligence pursuant to Article 42.12, Section 24 is likewise "a part of its decision to revoke and proceed to judgment," and that no appeal lies from that decision. *See also Poledore v. State*, 8 S.W.3d 22, 24 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

We therefore conclude this Court lacks jurisdiction to consider Wesley's challenge to the trial court's refusal to consider his affirmative defense of due diligence under Article 42.12, Section 24.

We dismiss the appeal for want of jurisdiction.