In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00152-CR
______________________________


DAVID L. RICHARDSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 02-0128X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            David L. Richardson appeals his conviction and sentence for assaulting Scott Beck, a peace
officer. See Tex. Pen. Code Ann. § 22.01(b)(1) (Vernon Supp. 2004–2005). Richardson pled guilty
to the offense July 11, 2002. The trial court deferred a finding of guilt for a period of five years and
placed Richardson on community supervision. 
            In May 2004, the State filed a "Motion To Proceed With Adjudication of Guilt." The trial
court conducted a contested hearing September 30, 2004, after which the trial court found
Richardson had violated the conditions of his community supervision by failing to report to a
community supervision officer on three occasions, failing to pay supervisory fees for eight months,
and committing two new misdemeanor offenses. The court then adjudicated Richardson's guilt and
assessed his punishment at ten years' imprisonment. 
            On May 27, 2005, Richardson's appellate counsel filed an Anders


 brief in which counsel
professionally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal. As required by Anders, counsel also filed a motion to withdraw. 
Counsel sent Richardson a copy of the appellate brief and informed him of his right to review the
record and to file a response pro se. Counsel also took the praiseworthy step of sending Richardson
copies of the clerk's record and the reporter's record. 
            After giving Richardson an extension of his deadline to file a brief pro se, we received
Richardson's responsive brief July 25, 2005. The State submitted its responsive brief August 8,
2005. We have independently reviewed the record and the briefs filed by counsel and by
Richardson, and we agree there are no arguable issues that would support an appeal in this case.
            First, Richardson contends the evidence is factually insufficient to support the trial court's
finding that he violated the conditions of his community supervision and, therefore, the trial court
erred by proceeding to an adjudication of guilt. Issues related to the trial court's decision to proceed
to an adjudication of guilt are not appealable. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004–2005); Wesley v. State, 157 S.W.3d 512, 513–14 (Tex. App.—Texarkana 2005,
no pet.) (citing Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999)). Accordingly, we
lack jurisdiction to consider Richardson's factual sufficiency challenge. Cf. Wesley, 157 S.W.3d at
513–14.
            Second, the trial court assessed punishment at ten years' imprisonment. This is within the
range of punishment provided for by our Legislature. See Tex. Pen. Code Ann. § 12.34 (Vernon
2003) (punishment range for third-degree felony), § 22.01(b)(1) (assault on public servant is third-degree felony). Where the trial court has assessed punishment within the range provided for by
statute, no abuse of discretion is shown. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App.
1978).
            Third, beyond the trial court's decision to proceed to an adjudication of guilt, the record is
devoid of any suggestion of error (such as ineffective assistance of counsel or disproportionate
sentence).


 Cf. Alberto v. State, 100 S.W.3d 528, 529–30 (Tex. App.—Texarkana 2003, no pet.)
(appellant failed to preserve claim of disproportionate sentencing by trial court).
            We lack jurisdiction to consider Richardson's factual sufficiency challenge, and the record
before us reveals no possible reversible error. Accordingly, we affirm the trial court's judgment and
grant counsel's motion to withdraw.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          August 29, 2005
Date Decided:             August 30, 2005

Do Not Publish