In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00048-CR


______________________________




HOWARD WEATHERALL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Eighth Judicial District Court


Hopkins County, Texas


Trial Court No. 0517935




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Howard Weatherall pled guilty on April 11, 2005, to a charge of possession of a controlled
substance. (1) The indictment alleged that Weatherall had been previously convicted of two prior
felonies enhancing the range of punishment to a term of life or not more than ninety-nine years or
less than twenty-five years. Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2006). The trial court
found that the evidence submitted substantiated Weatherall's guilt and that the best interests of
society and of Weatherall would be served by deferring further proceedings without entering an
adjudication of guilt. The trial court then placed Weatherall on deferred adjudication community
supervision for a period of five years. 

 In January 2006, the State moved to proceed to an adjudication of guilt on the charge of
possession of a controlled substance, alleging several violations of the conditions of his deferred
adjudication community supervision. After the hearing on the State's motion, the trial court found
the allegations true, adjudicated Weatherall guilty, and sentenced him to twenty-five years'
imprisonment. Weatherall now appeals, complaining that factually insufficient evidence supports
the trial court's findings that Weatherall violated a number of the conditions of his community
supervision.

 The Legislature has expressly excluded from our jurisdiction the ability to examine a trial
court's decision to proceed to an adjudication of guilt when the trial court has previously deferred
such a finding and granted community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2006); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
Specifically, Article 42.12 provides in pertinent part:

 On violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in Section 21
of this article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original charge. 
No appeal may be taken from this determination.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). The Texas Court of Criminal Appeals has
reaffirmed that this language means that "the courts of appeals do not have jurisdiction to consider
claims relating to the trial court's determination to proceed with an adjudication of guilt on the
original charge." Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). We, therefore, may
not consider the sufficiency of the evidence to support the trial court's findings that Weatherall
violated the terms and conditions of his community supervision as alleged by the State in its motion
to adjudicate guilt. (2) See Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Wesley
v. State, 157 S.W.3d 512, 514 (Tex. App.--Texarkana 2005, no pet.).


 We conclude this Court lacks jurisdiction to consider Weatherall's factual sufficiency
contentions on appeal. Accordingly, we dismiss this appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: December 19, 2006

Date Decided: December 20, 2006


Do Not Publish
1. See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003).
2. Although Weatherall does not do so here, a defendant may pursue an appeal from the
sentencing phase of the trial. See Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App.
2006). While Article 42.12 prohibits us from reviewing points of error relating to the trial court's
decision to adjudicate, we may consider the challenge to the trial court's actions after a finding of
guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) ("after an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence, granting of
community supervision, and defendant's appeal continue as if the adjudication of guilt had not been
deferred"). Thus, a defendant may appeal from a judgment adjudicating guilt when the issues raised
by the appeal relate, not to the adjudication decision, but to the punishment phase.