Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





GUY ANTHONY THOMPSON


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 

No. 08-07-00111-CR



Appeal from the


346th District Court

of El Paso County, Texas 


TC# 65513 (920D04899)




MEMORANDUM OPINION


 Guy Anthony Thompson attempts to appeal from a judgment adjudicating him guilty of
aggravated assault. On September 18, 1992, Appellant entered a guilty plea to aggravated assault
and was placed on deferred adjudication. The State subsequently filed a motion to adjudicate guilt. 
Following a hearing, the trial court granted the State's motion, adjudicated Appellant's guilt and
assessed his punishment at confinement for two years. 

 In his brief, Appellant raises a single issue alleging that the trial court abused its discretion
in revoking his probation and adjudicating his guilt because the State did not prosecute the case with
due diligence. The State filed a motion to dismiss the appeal because the only issue raised on appeal
is a challenge to the trial court's determination to proceed to adjudication. We originally denied the
motion but the State has filed a motion to for rehearing. We grant the State's motion for rehearing.

 Appellant's guilt was adjudicated in a hearing conducted prior to June 15, 2007. In such a
case, no appeal may be taken from the trial court's determination to proceed with an adjudication
of guilt. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b)(Vernon 2006). (1) The due diligence issue he
raises on appeal is in the nature of a plea in bar or defense which must be raised by the defendant at
the revocation hearing. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Further, the
due diligence issue is part of the trial court's decision to revoke and proceed to judgment. Id. 
Appeal of this issue is therefore barred by Article 42.12, Section 5(b). Id.; Wesley v. State, 157
S.W.3d 512, 514 (Tex.App.--Texarkana 2005, no pet.). We therefore grant the State's motion and
dismiss the appeal. All other pending motions are denied as moot.



November 1, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. In 2007, the Legislature amended Article 42.12, § 5(b) to provide for a right of appeal from the trial court's
decision to adjudicate. Act of May 23, 2007, 80th Leg., R.S., S.B. 909, § 5. However, the amendment is prospective
and applies to an adjudication hearing conducted on or after the effective date of the legislation, June 15, 2007,
regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of
deferred adjudication community supervision was committed. Act of May 23, 2007, 80th Leg., R.S., S.B. 909, § 53.