

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS. PD-0847-15 and PD-0848-15

KOJUAN J. MILES, Appellant

v.

THE STATE OF TEXAS

ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, HERVEY, ALCALÁ, and RICHARDSON, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER, YEARY, and NEWELL, JJ., joined.

## O P I N I O N

Appellant was convicted of the sexual assault and compelled prostitution of a fifteen-year-old complainant. The jury assessed punishment at seven and twenty-three years' incarceration respectively. The trial court cumulated the sentences. On appeal, the court of appeals affirmed the judgment in the sexual-assault case, but modified the judgment in the compelling-prostitution case to delete the cumulation order and affirmed that judgment as modified. *Miles v. State*, 468 S.W.3d 719 (Tex. App.–Houston [14th Dist.] 2015).

On direct appeal, appellant asserted that the trial court erred by ordering him to serve his

sentences consecutively and contended that the cumulation statute does not authorize stacking a sentence for compelling prostitution onto a sentence for sexual assault of a child when both offenses arise out of the same criminal episode and are prosecuted in a single criminal action. *Id*. at 730. After analyzing the plain language of the general cumulation statute, Section 3.03 of the Penal Code, the court of appeals determined that "[t]he unambiguous language of Section 3.03(b) provides that a sentence for compelling prostitution may not be stacked with a sentence for sexual assault of a child when the offenses arise out of the same criminal episode and are prosecuted in a single criminal action." *Id*. at 736. The court of appeals held that the trial court erred in cumulating appellant's sentences and reformed the judgment of the trial court to delete the cumulation order. *Id*. We granted the state's petition for discretionary review, which disputed the deletion of the cumulation order:[1] "Did the court of appeals err in holding that Section 3.03(b) of the Texas Penal Code does not allow the cumulation of sentences for two offenses listed within different paragraphs of subsection (b) of the stacking statute?" We affirm the judgment of the court of appeals.

**Analysis**

As did the court of appeals, we look at the literal text of the cumulation statute, Texas Penal Code § 3.03, which provides that, when the accused is found guilty of more than one offense arising out of the same criminal episode and prosecuted in a single criminal action, generally the sentences shall run concurrently. But Section 3.03(b) also sets out exceptions to the general rule–circumstances in which sentences may be cumulated: the sentences may run concurrently or consecutively if each sentence is for a conviction for the specified offenses that are listed in the

---

[1] We refused appellant's *pro se* petition for discretionary review, which claimed that the trial court had abused its discretion in excluding evidence that the defense offered at trial.

several subsections. *Miles v. State*, 468 S.W.3d at 731-32.

In its opinion, the court of appeals noted that subsection (b)(5)(A) of Section 3.03 provides that "sentences may be stacked if each sentence is for an offense of human trafficking or compelling prostitution, 'regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of **both sections.**'" *Id*. at 733 (emphasis in original). It determined that, "[i]f all offenses listed in subsection (b) could be stacked, the references to 'both sections' in subsections (b)(1), (3), and (5) would be meaningless and irreconcilable." *Id*. The court of appeals concluded that subsections (b)(1), (3), and (5) "each list only two offenses, so the phrase 'both sections' necessarily indicates that the Legislature intended the stacking of only those two offenses together." *Id*. It also determined that, because subsections (b)(1), (2), (3), (5), and (6) each include a paragraph (B) that refers to convictions obtained by plea agreements when the defendant was charged with "more than one offense **listed in Paragraph (A)**[,]" "[t]he Legislature's use of this phrase in each paragraph (B) suggests that the Legislature intended only for offenses listed in the companion paragraph (A) to be stacked together." *Id*. (emphasis in original).

The court of appeals noted that the legislature had amended subsection (b) in piecemeal fashion to add specific offenses and categories of offenses, with some added to the already existing paragraphs containing specific offenses, while some were added in completely new subsections. *Id*. at 734. It also noted that "for some amendments, the Legislature created new subsections (b)(2) through (b)(6), but for other amendments, the Legislature added offenses to preexisting subsections." *Id*. For example, the court of appeals pointed out that child pornography was added to a new subsection (b)(3) at the same time the Legislature also added intoxication assault to the existing subsection (b)(1). *Id*. It concluded that the only logical reason for placing one new offense in a

preexisting subsection and another new offense in a new subsection "is that the Legislature did not intend for intoxication assault to be stacked with child pornography." *Id*. at 735. It notes that, had the legislature intended for compelling prostitution to be included as one of the offenses against children enumerated in subsection (b)(2) for which cumulation is authorized, the legislature could have added it to subsection (b)(2), but instead "the Legislature grouped compelling prostitution (against adults and children alike) with human trafficking in a new subsection (b)(5), declaring that stacking was authorized for 'both sections'–in the plea context, for 'both sections' listed in paragraph (A)." *Id*. It concluded that "'[b]oth sections' unambiguously refers only to human trafficking and compelling prostitution."

The state asserts that "[t]he statute's plain language that the court of appeals found to be compelling evidence of a legislative intent to restrict stacking to sentences only for offenses within the same paragraph is actually the result of the unique nature in which the statute was amended over a number of legislative sessions rather than an indication of the legislative intent the appellate court attributed to the language." State's Brief at 2. It also asserts that "[t]he use of the word 'or' between paragraphs (b)(5) and (b)(6), combined with several extratextual factors, signals a legislative intent to permit stacking of sentences for any combination of offenses listed in subsection (b), regardless of whether the offenses are listed in the same paragraph." *Id*.

Appellant argues that the court of appeals "did not err when it gave effect to each word and phrase within Section 3.03(b), determining that Section 3.03(b) only permits the cumulation of sentences for offenses grouped within the same category of offenses[.]" Appellant's Brief at 1. He reasons that "interpretation of Section 3.03(b) does not stop at the single conjunction word, 'or,' but must give effect to 'each word, phrase, clause, and sentence' if reasonably possible." *Id*., *quoting*

*Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). He also contends that "[p]ermitting the judge to cumulate only sentences for offenses listed within the same category gives effect to each word within the statute and is the only reasonable interpretation of Section 3.03(b)." *Id*. at 2.

Appellant suggests alternative language that the Legislature could have used in drafting Section 3.03(b) if it had intended to permit cumulation of sexual-assault and compelling-prostitution convictions, such as a "laundry list" style of statute like Section 3g of Article 42.12 of the Code of Criminal Procedure. Appellant also suggests that the Legislature could have worded Section 3.03(b) similarly to Penal Code Section 32.51(a)(1), which defines "identifying information" for the offense of fraudulent use of possession of identifying information, defining "identifying information in part by using several separate lists of related types of information[.]" Appellant's Brief at 11. He maintains that, "[b]y organizing Section 3.03(b) in a fashion that suggests the interpretation that only sentences for offenses in the same category of offenses may be cumulated, the layout and structure of Section 3.03(b) are strong indicators of legislative intent." *Id*. at 12.

We have held that, when "the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Parfait v. State*, 120 S.W.3d 348, 350 (Tex. Crim. App. 2003); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Thus, we assume that the legislature means what it said and derive the statute's meaning from the words that the legislature used.

The legislature's intent, whether apparent or invisible, is determined from the actual wording of the statute. Because we agree with the court of appeals and the parties that the language of Section 3.03 is clear and unambiguous and does not lead to absurd consequences, we need not delve

into the extra-textual factors of legislative intent. *Tapps v. State*, 294 S.W.3d at 179.[2] *Miles v. State*, 468 S.W.3d at 732-33, n.14.

We agree with the court of appeals and hold that the plain language of Section 3.03(b)(5), authorizing the cumulation of sentences for convictions under "both sections," "unambiguously refers only to human trafficking and compelling prostitution." *Miles*, 468 S.W.3d at 735. Because appellant's convictions and sentences were for compelling prostitution and sexual assault, rather than compelling prostitution and human trafficking, the unambiguous language of Section 3.03 dictates that those sentences may not be stacked and "shall run concurrently."

**Conclusion**

While Section 3.03 does set out circumstances in which sentences for specific offenses "may run . . . consecutively[,]" the offenses for which appellant was convicted and sentenced do not fall within any of those circumstances. Thus, pursuant to Section 3.03, appellant's sentences "shall run concurrently," and the court of appeals properly reformed the trial court's judgment to delete the cumulation order. Accordingly, we overrule the state's ground for review and affirm the judgment of the court of appeals.

Delivered: November 16, 2016
Publish

---

[2] The court of appeals noted that, in support of the unavailability of extra-textual resources to assist interpretation of the statute, both appellant and the state contended that the statute is unambiguous. However, when advocates for contrary positions perceive the same language to have different meanings, such an assertion is a puzzlement.