

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00247-CR

DERECK WAYNE FULLER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 32487CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Hunt County jury convicted Derek Wayne Fuller, Jr., of two counts of sexual assault of a child and assessed a sentence of twenty years' imprisonment. In a consolidated trial, the jury also convicted Fuller of continuous trafficking of persons in companion case number 06-19-00248-CR and another count of sexual assault of a child in companion case number 06-19-00249-CR. The trial court ran Fuller's sentence in this cause consecutively to his sentence for continuous trafficking of persons. Fuller appeals from all his convictions.

Fuller has filed a single brief raising issues common to all his appeals. On appeal, Fuller argues (1) that the trial court erred in stacking his sentence in this case with the sentence for continuous trafficking of persons and (2) that his attorney rendered ineffective assistance by failing to object to these stacked sentences. The State concedes the first point of error, and we agree that the trial court was not authorized to stack Fuller's sentence for this sexual assault offense with the sentence for continuous trafficking of persons. As a result, we sustain Fuller's first point of error, which is dispositive of this case. We modify the trial court's judgment by deleting the cumulation order that stacks Fuller's sentence with the sentence for continuous trafficking of persons and affirm the judgment, as modified.

Section 3.03 of the Texas Penal Code "provides that, when the accused is found guilty of more than one offense arising out of the same criminal episode and prosecuted in a single criminal action, generally the sentences shall run concurrently." *Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016) (citing TEX. PENAL CODE ANN. § 3.03). Yet, "the sentences may run concurrently or consecutively if each sentence is for a conviction for the specified offenses

that are listed in the several subsections." *Id.* Continuous trafficking of persons was not listed as an exception at the time Fuller committed the offense. *See* Act of May 17, 2013, 83d Leg., R.S., ch. 228, § 1, 2013 Tex. Gen. Laws 967, 967, *amended by* Act of May 26, 2019, 86th Leg., R.S., ch. 413, § 1.01, 2019 Tex. Gen. Laws 3, 3 (current version at TEX. PENAL CODE § 3.03(b)).

Continuous trafficking of persons is an offense under Section 20A.03 of the Texas Penal Code. TEX. PENAL CODE ANN. § 20A.03. Under the former version of the statute, "the plain language of Section 3.03(b)(5), authorizing the cumulation of sentences for convictions under 'both sections,' 'unambiguously refer[red] only to human trafficking and compelling prostitution" found in Sections 20A.02 and 43.05 of the Texas Penal Code. *Miles*, 506 S.W.3d at 488; *see* TEX. PENAL CODE ANN. §§ 20A.02, 43.05. Because continuous trafficking of persons was not included in the former version of Section 3.03(b), we previously explained that cumulation of a sentence for continuous trafficking of persons was unauthorized by the statute. *Nelson v. State*, No. 06-18-00133-CR, 2019 WL 2494723, at *2–4 (Tex. App.—Texarkana June 17, 2019, pet. ref'd) (mem. op., not designated for publication).[1] After our opinion in *Nelson* was issued, the Legislature amended Section 3.03(b)(5) to include continuous trafficking of persons as an offense subject to a cumulation order but specified that the change in law did not apply to offenses committed before September 1, 2019. *See* Act of May 26, 2019, 86th Leg., R.S., ch. 413, § 1.03, 2019 Tex. Gen. Laws 4, 4 (eff. Sept. 1, 2019). Because Fuller's offense was committed before September 1, 2019, we sustain Fuller's complaint that the trial court was

---

[1]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

not authorized to stack his sentence in this case with the sentence for continuous trafficking of persons.

We modify the trial court's judgment by deleting the order cumulating this sentence with that of his sentence for continuous trafficking of persons. *See Miles*, 506 S.W.3d at 488. We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:    August 18, 2020
Date Decided:    November 4, 2020

Do Not Publish