

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00746-CR

Jon Eric **GILLILAND**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR10254
Honorable Ron Rangel, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:       Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: November 8, 2023

AFFIRMED AS MODIFIED

Appellant Jon Eric Gilliland was indicted for invasive visual recording, sexual performance by a child, and possession of child pornography. A jury found Gilliland guilty of multiple counts and the trial court cumulated Gilliland's sentences—assessing punishment at two hundred sixty years' confinement. On appeal, Gilliland raises one issue: the trial court erroneously applied the

amended version of Texas Penal Code section 3.03(b) rather than the version of the statute in effect at the time the offenses were committed. We sustain this issue and affirm the judgment as modified.

## BACKGROUND

On October 19, 2020, Gilliland was indicted on a mix of nineteen counts for invasive visual recording, sexual performance by a child, and possession of child pornography. *See* TEX. PENAL CODE ANN. §§ 21.15, 43.25, 43.26. The indictment also included a repeat offender enhancement allegation.[1] As outlined in the indictment, Gilliland committed each offense in July 2018 or August 2019.

Gilliland's jury trial began on August 26, 2022. The jury found Gilliland guilty of eighteen counts[2]—ten counts of invasive visual recording, four counts of sexual performance by a child, and four counts of possession of child pornography. Gilliland elected to have punishment assessed by the trial court.

After hearing testimony from seven witnesses, the trial court found the enhancement allegation in the indictment to be true and assessed Gilliland's punishment in the Texas Department of Corrections as follows:

| | |
|---|---|
| § 21.15 Invasive visual recording | Ten years for each count (ten counts) |
| § 43.25 Possession of child pornography | Twenty years for each count (four counts) |
| § 43.26 Sexual performance by a child | Twenty years for each count (four counts) |

The trial court ordered each count to run consecutively (or "stacked"), totaling two hundred and sixty years of confinement.

On appeal, Gilliland argues the trial court acted outside the bounds of its discretion by stacking all of his sentences. Gilliland contends that at the time the criminal acts were committed,

---

[1] In 2006, Gilliland plead no contest to aggravated sexual assault of a child and served ten years of confinement.
[2] The State waived one count.

the Penal Code authorized sentences arising from specific categories of offenses to be stacked; however, the Code did not authorize the trial court to stack separate categories of offenses on top of one another. Because of the trial court's error in calculating his sentence, Gilliland prays we reverse the trial court's judgments and remand the case for resentencing or, in the alternative, modify the judgment to be in accordance with the law.[3] The State argues remand is inappropriate and we should instead modify the trial court's judgment if we determine it is erroneous.[4]

### CONSECUTIVE—"STACKING"—SENTENCES

### *Applicable Law and Standard of Review*

"Generally, when a defendant is found guilty of multiple offenses arising out of the same criminal episode prosecuted during a single criminal action, the trial court must order the sentences to run concurrently." *Crowell v. State*, 642 S.W.3d 885, 892 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citations omitted). Texas Penal Code 3.03(b) "identifies exceptions to the general rule and authorizes a trial court to stack sentences for specified offenses listed in several subdivisions." *Id*. When "the law authorizes the imposition of cumulative sentences, the trial court has absolute discretion to cumulate the sentences[.]" *Tran v. State*, 221 S.W.3d 79, 90 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citation omitted). We review the trial court's decision to stack sentences under an abuse of discretion standard. *Baylor v. State*, 195 S.W.3d 157, 159 (Tex. App.—San Antonio 2006, no pet.) (citation omitted). Notwithstanding, a trial court

---

[3] As part of his argument, Gilliland asserts the trial court improperly violated the Ex Post Facto prohibition in the Texas Constitution. *See* TEX. CONST. art. I, § 16. This argument is without merit. A violation of the Ex Post Facto Clause occurs if, for example, the legislature enacts harsher penalties for an offense and allows the harsher penalties to apply to offenses occurring prior to the law's enactment. *See Johnson v. State*, 930 S.W.2d 589, 591-93 (Tex. Crim. App. 1996) (per curiam) (concluding that a punishment culmination statute violated the Ex Post Facto Clause because it allowed for the cumulation of punishment for offenses prior to its enactment). Here, the statute itself does not have ex post facto principles. The issue is the trial court's application of the statute.

[4] In its brief, the State asserts Gilliland waived the issue by failing to properly object. Because the resolution of this issue is not necessary to reach our final disposition, we do not address it. *See* TEX. R. APP. P. 47.1.

abuses its discretion if it misapplies the law. *State v. Burckhardt*, 952 S.W.2d 100, 102 (Tex. App.—San Antonio 1997, no pet.).

### *Analysis*

Since its enactment, the legislature has continuously amended Texas Penal Code section 3.03(b) to add specific offenses and categories of offenses. *See Miles v. State*, 468 S.W.3d 719, 734 (Tex. App.—Houston [14th Dist.] 2015), *aff'd*, 506 S.W.3d 485 (Tex. Crim. App. 2016).[5] The version of subsection (b) in effect from September 1, 2013 to August 31, 2019, placed the offenses of invasive visual recording and possession of child pornography in one category. *See* TEX. PENAL CODE § 3.03(b)(3)(A) (2014 ed.). The legislature placed the offense for sexual performance by a child in a separate, distinct category. *See* TEX. PENAL CODE § 3.03(b)(2)(A) (2014 ed.). By the clear and unambiguous language of subsection (b), effective from September 1, 2013 to August 31, 2019, it was within a trial court's discretion to stack sentences for offenses within the same category (i.e., invasive visual recording and possession of child pornography). *See Miles v. State*, 506 S.W.3d 485, 486–88 (Tex. Crim. App. 2016) (holding subsection (b), effective from September 1, 2013 to August 31, 2019, authorized sentences from offenses within the category to be stacked but sentences from separate categories could not be cumulated). However, offenses placed in a separate category by the legislature (i.e., sexual performance by a child) could not be stacked with offenses from another category and must run concurrently with the former. *See id.*

---

[5] "We note that the [l]egislature amended subsection (b) in piecemeal fashion to add specific offenses and categories of offenses: first, intoxication manslaughter, [1996 ed.]; second, most of the sexual offenses against children in (b)(2), [1998 ed.]; third, intoxication assault for subsection (b)(1), and improper photography and child pornography in (b)(3), [2006 ed.]; fourth, online solicitation of a minor in (b)(2), [2008 ed.]; fifth, the gang-related affirmative finding in (b)(4), [2010 ed.]; sixth, human trafficking and compelling prostitution in (b)(5), [2012 ed.]; and finally, injury to a child, elderly, or disabled person in (b)(6), [2014 ed.]." *Id.*

Effective September 1, 2021, the legislature added subsection (b)(7) to allow "any combination of offenses listed" in the subsection to be stacked.[6] TEX. PEN. CODE ANN. § 3.03(b)(7) (2022 ed.). With this addition, separate categories of offenses can now be stacked with one another. *See id.*; *cf.* TEX. PENAL CODE § 3.03(b)(2)(A), (3)(A) (2014 ed.); *Miles*, 506 S.W.3d at 486–88. However, the legislature noted that the effect of subsection (b)(7) only applies

> to an offense committed on or after [September 1, 2021]. An offense committed before [September 1, 2021] is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before [September 1, 2021] if any element of the offense occurred before that date.

*See* Act of May 19, 2021, 87th Leg., R.S., ch. 249, § 2.

Here, the jury found Gilliland guilty of eighteen counts related to offenses occurring on or about the following dates: July 16, 2018; August 3, 2019; August 7, 2019; and August 15, 2019. Neither Gilliland nor the State assert any element of the convicted offenses occurred on or after September 1, 2021. As a result, the trial court was required to sentence Gilliland in accordance with the law in effect at the time the offenses occurred, rather than section (b)(7) as amended in 2021. *See Poledore v. State*, 8 S.W.3d 22, 24–25 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (holding trial court properly applied the range of punishment in effect at the time the offense was committed).

At the time of the offenses, the applicable version of subsection (b) permitted the stacking of sentences for invasive visual recording and possession of child pornography because those offenses were listed in the same category. *See* TEX. PENAL CODE § 3.03(b)(3)(A) (2014 ed.); *Miles*, 506 S.W.3d at 486–88. However, the legislature placed the offense for sexual performance by a child in a separate, distinct category. *See* TEX. PENAL CODE § 3.03(b)(2)(A) (2014 ed.); *Miles*, 506

---

[6] The legislature amended subsection (b) in 2019, but those additions are irrelevant to the case at bar. *See generally* TEX. PENAL CODE § 3.03(b)(5)(A), (B) (2020 ed.).

S.W.3d at 486–88. Consequently, the law in effect at the time Gilliland committed the offenses did not permit the trial court to stack sentences for sexual performance by a child with sentences for invasive visual recording and possession of child pornography. *See Miles*, 506 S.W.3d at 486–88.

When assessing Gilliland's punishment, the trial court mistakenly applied subsection (b)(7), enacted on September 1, 2021, resulting in all sentences being stacked for a total of two hundred sixty years of confinement. Under the applicable version of subsection (b), the law (1) only authorizes stacking the sentences for invasive visual recording and possession of child pornography and (2) requires the sentences for sexual performance by a child to run concurrently with the stacked sentences. *See id.*

Applying Texas Penal Code section 3.03(b) as enacted when the offenses were committed, we hold the trial court did not abuse its discretion by stacking Gilliland's sentences for invasive visual recording and possession of child pornography. However, the trial court failed to correctly apply the law when it stacked Gilliland's sentences for sexual performance by a child with the former sentences because those sentences resided in a separate category. We sustain Gilliland's complaint.

## CONCLUSION

We modify the judgment of the trial court in accordance with this opinion and affirm the judgment as modified.[7] TEX. R. APP. P. 43.2(b).

Lori I. Valenzuela, Justice

DO NOT PUBLISH

---

[7] The sentences pronounced upon Gilliland in Count I, Count III, Count IV, Count VI, Count VII, Count IX, Count X, Count XII, Count XIII, Count XIV, Count XV, Count XVII, Count XVIII, and Count XIX under Cause No. 2020CR10254 are to run cumulatively. The sentences pronounced upon Gilliland in Count II, Count V, Count VIII, and Count XI under Cause No. 2020CR10254 are to run concurrently with the cumulated sentences in Count I, Count III, Count IV, Count VI, Count VII, Count IX, Count X, Count XII, Count XIII, Count XIV, Count XV, Count XVII, Count XVIII, and Count XIX.