# NO. 12-23-00142-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVA KAYE REYNOLDS,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eva Kaye Reynolds appeals her conviction for failure to comply with the duty, after being involved in an accident involving damage to a vehicle, to remain at the scene and give information to the vehicle's operator. In two issues, Appellant argues that the judgment is void and the trial court erred in denying a hearing on her motion for new trial. We affirm.

## BACKGROUND

In a convenience store parking lot, Appellant drove her car into the side of Aaron Barr's car. Both drivers exited their cars and spoke briefly. Appellant then left the scene without giving Barr any insurance or identifying information. At that time, the relevant transportation code statute was titled "Accident Involving Damage to Vehicle"[1] and provided the following:

---

[1] Section 550.022 is now titled "Collision Involving Damage to Vehicle." *See* TEX. TRANSP. CODE ANN. § 550.022 (West Supp. 2023).

(a) [T]he operator of a vehicle involved in an accident resulting only in damage to a vehicle that is driven or attended by a person shall:

. . . .

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

. . . .

(c) A person commits an offense if the person does not stop or does not comply with the requirements of Subsection (a). An offense under this subsection is:

. . . .

(2) a Class B misdemeanor, if the damage to all vehicles is $200 or more.

Act of May 25, 2005, 79th Leg., R.S., ch. 1066, § 1, 2005 Tex. Sess. Law Serv. 3545, 3545-46 (amended 2023) (current version at TEX. TRANSP. CODE ANN. § 550.022(a)(3), (c)(2)). Section 550.023 provides the following:

The operator of a vehicle involved in an accident resulting in the injury or death of a person or damage to a vehicle that is driven or attended by a person shall:

(1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision[.]

TEX. TRANSP. CODE ANN. § 550.023(1) (West Supp. 2023).

Appellant was subsequently charged by information as follows:

[O]n or about the 10th day of February, 2021 and anterior to the filing of this information, in the County of Smith and the State of Texas, [Appellant did] then and there intentionally or knowingly drive a vehicle that became involved in an accident resulting in damage to a vehicle, and [Appellant] did thereafter, knowing said accident had occurred, intentionally, or knowingly leave the scene of said accident, without giving his [sic] name, address, registration number of the vehicle [Appellant] was driving, or the name of [Appellant's] motor vehicle liability insurer to AARON BARR, who was the driver or passenger or occupant of the vehicle collided with, and the damage of the vehicle collided with resulted in pecuniary loss of Two Hundred Dollars ($200.00) or more[.]

She pleaded "not guilty," and the matter proceeded to a jury trial.

The jury found Appellant "guilty" as charged. The trial court placed her on community supervision for a term of eighteen months with payment of restitution in the amount of $1,849.10 as a condition of community supervision. Appellant filed a motion for new trial, which the trial court denied. This appeal followed.

**JUDGMENT VALIDITY**

In Appellant's first issue, she argues that the judgment is void because it states that she was convicted of an offense that does not exist.

**Applicable Law**

Texas judgments must reflect the "offense or offenses for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(13) (West Supp. 2023); *Miles v. State*, 468 S.W.3d 719, 737 (Tex. App.—Houston [14th Dist.] 2015), *aff'd on other grounds*, 506 S.W.3d 485 (Tex. Crim. App. 2016). Errors involving the violation of a statutory procedure do not render a conviction void, but voidable. *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). In construing a judgment to determine the offense for which the defendant was convicted, the charging instrument may be considered. *Hughes v. State*, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973). The judgment may be reformed to reflect the offense for which the defendant was found guilty by the court and jury. *Id.*

If a charging instrument alleges that an offense was committed by the defendant, the instrument is sufficient to support a guilty verdict rendered on it. *Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009). Otherwise, it is insufficient, and any conviction rendered on it is void. *Id.* A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). In an information, the offense must be set forth in plain and intelligible words. TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009). The information must include everything that is necessary to be proved. *Id.* arts. 21.03, 21.23 (West 2009). An information is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* arts. 21.11, 21.23 (West 2009). In most cases, an information that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251.

**Analysis**

The judgment reflects that Appellant was convicted for the offense of "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200." Appellant acknowledges that Section 550.022 creates an offense but, without explanation, contends that her judgment is void because "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200" is not a legally cognizable offense. She cites *Ford v. State*, No. 11-03-00355-CR, 2005 WL 913645 (Tex. App.—Eastland Apr. 21, 2005, no pet.) (op., not designated for publication) in support of her contention.

In *Ford*, the appellant raised the same issue regarding the similar offense name "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200 a misdemeanor." *Id.* at *1. The court concluded, without explanation, "There is no such offense in Texas." *Id.* The court declined to decide whether this circumstance rendered the judgment void, however, because the appellant raised the issue in a collateral attack rather than on direct appeal from the judgment. *Id.*

We are not persuaded by the court of appeals's conclusion in *Ford* that the offense name "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200" constitutes error. "Accident Involving Damage to Vehicle" is the exact title of the statute that created the offense for which Appellant is convicted. The inclusion of the notation ">=$200" specifies that Appellant was convicted for the offense created by Section 550.022(c)(2) as opposed to any other subsection, because only that subsection contained an element of damage in the amount of $200.00 or more. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1066, § 1, 2005 Tex. Sess. Law Serv. 3545, 3545-46 (amended 2023). A trial court does not err by including in the judgment phrases that accurately describe the offense of conviction. *See Miles*, 468 S.W.3d at 737. We conclude that the court's use of the phrase "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200" to describe the offense created by Section 550.022(c)(2)—at least at the time Appellant committed the offense—was not error. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(13).

Additionally, Appellant conclusorily argues that the judgment is void because the information fails to indicate the offense with which she was charged. Her argument is presumably based on the fact that, in text appearing beneath the information proper, the charge is

identified as "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200." Even if the phrase "ACCIDENT INVOLVING DAMAGE TO VEHICLE>=$200" was insufficient to identify an offense, the use of the phrase here would not affect the judgment's validity because an offense name in a caption outside the information proper is not a part of the information. *See Adams v. State*, 222 S.W.3d 37, 53 (Tex. App—Austin 2005, pet. ref'd). The text in the body of the information tracks the text of Sections 550.022(a)(3), 550.022(c)(2), and 550.023(1) as they read at the time of the offense and provides sufficient notice of the offense for which Appellant was charged. We conclude that the information sufficiently charged Appellant for the offense created by former Section 550.022(c)(2). *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1066, § 1, 2005 Tex. Sess. Law Serv. 3545, 3545-46 (amended 2023); TEX. CODE CRIM. PROC. ANN. arts. 21.11, 21.23; *Barbernell*, 257 S.W.3d at 251; *Hughes*, 493 S.W.2d at 170. Therefore, the information is sufficient to support the jury's verdict. *See Trejo*, 280 S.W.3d at 261. Because Appellant fails to show that the judgment is void under either of her theories, we overrule her first issue.

**MOTION FOR NEW TRIAL HEARING**

In Appellant's second issue, she argues that the trial court erred in failing to hold a hearing on her motion for new trial.

**Standard of Review and Applicable Law**

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id.* at 199. However, a court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim. *Id.* If the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the claimed relief basis, no hearing is required. *Id.* To be entitled to a hearing on a motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a court could reasonably conclude both that (1) counsel failed to act as a reasonably competent attorney and (2) but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Smith v. State*, 286 S.W.3d 333, 340-41 (Tex. Crim. App. 2009).

**Analysis**

In Appellant's motion for new trial, she asserted without elaboration that (1) her conviction was the result of inadequate representation by her trial counsel, and (2) the photographic evidence does not support the trial court's damage assessment. The motion contains a verification signed by Appellant, stating that she "read the Motion for Continuance [sic] and every statement is true and correct." No affidavits are attached to the motion.

"As a prerequisite to obtaining a hearing on a motion for new trial, the motion must be supported by an affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." *Crowell v. State*, 642 S.W.3d 885, 889 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing *Smith*, 286 S.W.3d at 339). "A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits." *Medina v. State*, No. 05-10-01116-CR, 2021 WL 247965, at *1 (Tex. App.—Dallas Jan. 26, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd)). Because Appellant's motion for new trial was not supported by affidavits specifically setting out factual bases for her claims, we conclude that the trial court did not abuse its discretion by failing to hold a hearing on the motion. *See Id.*; *Hobbs*, 298 S.W.3d at 200; *Crowell*, 642 S.W.3d at 889. Accordingly, we overrule Appellant's second issue.

<u>**DISPOSITION**</u>

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered February 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 22, 2024**

**NO. 12-23-00142-CR**

**EVA KAYE REYNOLDS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-80024-22)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*