

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00012-CR

**BRYAN ALVIN HOLLAND,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F202200311**

## O P I N I O N

Bryan Holland appeals from two convictions for Continuous Sexual Abuse of a Child. TEX. PENAL CODE §21.01. Holland complains that the trial court erred by admitting evidence of prior juvenile adjudications pursuant to article 38.37 of the Code of Criminal Procedure and Rule of Evidence 403, and that the statute pursuant to which he was convicted is facially unconstitutional. Because we find no reversible error, we affirm the judgments of the trial court.

**ADMISSION OF EVIDENCE**

In his first issue, Holland complains that the trial court abused its discretion by allowing the admission of evidence relating to an adjudication of delinquent conduct from approximately sixteen years before the trial of the offenses for which he was convicted.

**STANDARD OF REVIEW—ABUSE OF DISCRETION**

We review a trial court's decision to admit or exclude extraneous offense evidence under an abuse-of-discretion standard. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022); *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion if its ruling is so clearly wrong as to lie outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We uphold a trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); *see also Perkins*, 664 S.W.3d at 217 (cautioning that when reviewing trial court's Rule 403 balancing-test determination, appellate court reverses trial court's judgment "rarely and only after a clear abuse of discretion" (*quoting Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999))).

**BACKGROUND FACTS**

The juvenile adjudication was for aggravated sexual assault of a child and indecency with a child. The State sought to admit the evidence pursuant to article 38.37(2) of the Code of Criminal Procedure to show that Holland had a propensity of committing

sexual offenses against male children of a certain age range. TEX. CODE CRIM. PROC. art. 38.37, § 2(b). The trial court conducted a hearing outside of the presence of the jury to determine the admissibility of this evidence as required by article 38.37. TEX. CODE CRIM. PROC. art. 38.37, §2-a. Holland objected to the admission of the adjudication because it should not be admissible pursuant to Family Code Section 51.13 and that it was not relevant, was too remote, and the "probative value being greatly outweighed by the unfair prejudice." After hearing the arguments of counsel, the trial court determined that the evidence was admissible.

At trial, the two victims from the juvenile proceedings testified about what Holland had done to them as children. They had not testified at Holland's juvenile adjudication hearing because Holland had stipulated to the evidence and pled true to the allegations against him. The stipulation of evidence signed by Holland and the order of disposition that placed Holland on probation until his 18th birthday were admitted into evidence.

**CODE OF CRIMINAL PROCEDURE ARTICLE 38.37, SECTION 2**

Article 38.37, Section 2 provides that "evidence that the defendant has committed a separate offense may be admitted in the trial of an alleged offense for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, §2. Holland argues that juvenile adjudications are not included in the meaning of "separate offense" because of the Family Code's prohibition against the use of juvenile

adjudications and disposition in other than punishment in adult criminal proceedings.

Section 51.13(b) states in relevant part that:

> (b) The adjudication or disposition of a child or evidence adduced in a hearing under this title may be used only in subsequent:
> …
> (2) sentencing proceedings in criminal court against the child to the extent permitted by the Texas Code of Criminal Procedure, 1965; …

TEX. FAM. CODE §51.13(b).

Holland has cited to no authority, nor have we found any authority that has determined that juvenile adjudications are exempt from article 38.37. Holland does cite to two unpublished intermediate appellate court memorandum opinions that found that evidence of extraneous offenses committed by a defendant while the defendant was under the age of 17 and still considered a juvenile was admissible pursuant to article 38.37 in the guilt-innocence phase of a trial. *See Denelsbeck v. State*, No. 06-21-00067-CR, 2022 Tex. App. LEXIS 678, 2022 WL 274120 (Tex. App.—Texarkana Jan. 28, 2022, no pet.) (mem. op., not designated for publication); *Perez v. State*, No. 02-19-00163-CR, 2020 Tex. App. LEXIS 8966, 2020 WL 6788196 (Tex. App.—Fort Worth Nov. 19, 2020, pet. ref'd) (mem. op., not designated for publication). Holland argues that neither case adequately addresses the issue before us and should not be considered as they have no precedential value. *See* TEX. R. APP. P. 47.7(a). We agree that the opinions do not have precedential value, but we may properly consider their analysis in our resolution of this issue as there is no precedential authority cited to by either Holland or the State that is determinative of this issue. *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd)

("Although unpublished cases have no precedential value, we may take guidance from them as an aid in developing reasoning that may be employed.") (quotations omitted). Holland also disagrees with the holding in each case.

*Denelsbeck* involved the admission of a juvenile adjudication (improperly referred to as a "conviction") for indecency with a child by contact that had taken place over 20 years prior to his current charge of indecency with a child by contact. *See Denelsbeck*, 2022 Tex. App. LEXIS 678 at *9-10. The challenge to the evidence was limited to the juvenile adjudication, which the trial court found to be admissible pursuant to article 38.37. *See id*. The analysis of the issue was limited to the following:

> Yet, nothing in Article 38.37 bars the introduction of a juvenile conviction. "If the legislature had intended Article 38.37 to apply only to those extraneous offenses committed by the defendant [after reaching] the age of majority, it would have said so." *Perez v. State*, No. 02-19-00163-CR, 2020 Tex. App. LEXIS 8966, 2020 WL 6788196, at *5 (Tex. App.—Fort Worth Nov. 19, 2020, pet. ref'd) (mem. op., not designated for publication) (*citing Miles v. State*, 506 S.W.3d 485, 487 (Tex. Crim. App. 2016)). As a result, we cannot conclude that the trial court abused its discretion by determining that the juvenile extraneous-offense evidence was admissible under Article 38.37.

*Denelsbeck*, 2022 Tex. App. LEXIS 678 at *10.

In *Perez*, which was cited in *Denelsbeck*, the issue was whether or not evidence of sexual conduct of the defendant committed while he was a juvenile was admissible pursuant to article 38.37 in a continuous sexual abuse of a child case. *See Perez*, 2020 Tex. App. LEXIS 8966 at *11-15. In *Perez*, the allegations of sexual misconduct committed by the defendant took place both before and after his 17th birthday although the indictment alleged the defendant's 17th birthday as the earliest date the continuous sexual abuse

occurred. Perez argued that only evidence of conduct committed after a defendant turns 17 should be admissible pursuant to article 38.37. The court of appeals disagreed, stating as follows:

> Perez avers that Article 38.37 can only apply to those extraneous offenses committed by the non-juvenile defendant because an individual cannot be convicted of continuous sexual abuse unless they are over the age of seventeen; in other words, they were not a "defendant" at the time they committed the juvenile extraneous offenses. But he cites no support for his argument, and we have not found any such support in our own research. Rather, his argument asks us to read something into the plain wording of the statute that is not there—an invitation that we are legally obligated to decline. *See Lopez v. State*, 600 S.W.3d 43, 45 (Tex. Crim. App. 2020) ("Statutory construction depends on the plain meaning of the statute's language unless it is ambiguous or the plain meaning would lead to absurd results . . . . If the plain meaning is not ambiguous or does not lead to absurd results, we do not consider extra-textual factors."). If the legislature had intended Article 38.37 to apply only to those extraneous offenses committed by the defendant once they reached the age of majority, it would have said so. *Miles v. State*, 506 S.W.3d 485, 487 (Tex. Crim. App. 2016) ("[W]e assume that the legislature means what it said and derive the statute's meaning from the words that the legislature used.").

> Perez's argument that this exception swallows the State's burden of proof is fatally undermined by the fact that—as the State candidly admitted—a continuous-sexual-abuse conviction may only be upheld by sufficient evidence that the accused was seventeen when he committed two or more acts of sexual abuse against the child over a period of thirty days or more. *See* TEX. PENAL CODE ANN. 21.02. Tellingly, Perez makes no complaint regarding the sufficiency of the evidence underlying his conviction. Finally, Article 38.37 goes to the admissibility of the evidence—a concept that is separable from the weight to be assigned to the evidence by the factfinder in determining the sufficiency of the evidence to support each element of the crime. *See Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

> We are not persuaded that the trial court abused its discretion by determining that the juvenile-extraneous-offense evidence was admissible under Article 38.37.

*Perez*, 2020 Tex. App. LEXIS 8966 at *14-15.

We agree with the analysis in *Perez*, that if the legislature had intended for conduct that occurred while a defendant was a juvenile to be excluded from article 38.37, it could have said so but did not. The relevant part of article 38.37 was enacted after Section 51.13 of the Family Code, thus the legislature knew of the restriction set forth in the family code but chose not to address it. *See* Acts 2013, 83rd Leg., ch. 387 (S.B. 12), § 1, effective September 1, 2013 (TEX. CODE CRIM. PROC. 38.37(b)); Acts 1973, 63rd Leg., ch. 544 (S.B. 111), § 1, effective September 1, 1973 (TEX. FAM. CODE §51.13). Article 38.37 was intended to allow the admission of evidence that would otherwise be inadmissible with limited exceptions expressly included, and we find that the trial court did not abuse its discretion in the admission of Holland's conduct as a juvenile.

**RULE OF EVIDENCE 403**

Holland also complains that the evidence was inadmissible pursuant to Rule of Evidence 403. Under Rule 403, even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury; by considerations of undue delay; or by needless presentation of cumulative evidence. TEX. R. EVID. 403. Holland objected specifically on the basis of unfair prejudice, not that the evidence was misleading, caused undue delay, or resulted in the needless presentation of cumulative evidence.

When considering a Rule 403 objection, the trial court must balance: (1) how

compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable (probative force); (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the proponent's need for the evidence. *Perkins*, 664 S.W.3d at 217; *see Gigliobianco v. State*, 210 S.W.3d 637, 641, 642 (Tex. Crim. App. 2006) (defining "probative force" and addressing factors of Rule 403 analysis with greater detail).

As to the first factor, Holland contends that the probative force of the extraneous offense was weak because it was remote and dissimilar from the charged offense. *See Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd) (noting that remoteness reduces probative value of extraneous offense because passage of time allows things and people to change). Although the extraneous offenses occurred in 2004 and 2005, approximately 16 years before the charged offense, that time span alone does not deplete the probative value of the evidence. *See, e.g., Dies v. State*, 649 S.W.3d 273, 285 (Tex. App.—Dallas 2022, pet. ref'd) (concluding that evidence of extraneous child sexual abuse that "began approximately 19 years before trial" was not inadmissible); *Deggs v. State*, 646 S.W.3d 916, 925-26 (Tex. App.—Waco 2022, pet. ref'd) (concluding that extraneous offense from 1998, eighteen years before charged offense in 2016, was not inadmissible but probative of defendant's character or propensity to commit indecent acts with children around age of victim in charged offense and that "this factor weighed strongly in favor of admission"); *Robisheaux v. State*, 483 S.W.3d 205, 219 (Tex. App.—

Austin 2016, pet. ref'd) (concluding that extraneous offense from twelve years before charged offense was admissible and noting that "remoteness is not the only factor to consider when analyzing the probative value of evidence of an extraneous offense"). Additionally, while some aspects of the offenses differed, there were also significant similarities, including that the victims of the prior offenses were males around the same ages as the male victims in the charged offenses and Holland used similar tactics and threats to ensure compliance by his victims in both sets of offenses. Thus, it was reasonable for the trial court to have determined that the probative force of the evidence was strong and weighed in favor of admission.

As to the second factor, the potential of the evidence to impress the factfinder in some irrational, but nevertheless indelible way, we note that article 38.37 expressly authorizes admission of evidence showing that the defendant committed a separate sexual offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, § 2(b). Evidence of Holland's prior sexual assaults of minors was probative of his propensity to sexually assault children. *See Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (noting that "Rule 403 balancing test normally will not favor the exclusion of evidence of the defendant's prior sexual assaults of children" that was admitted under article 38.37 § 2(b)); *Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.) (concluding that evidence of prior sexual abuse of children admitted under article 38.37 § 2(b) "was

especially probative of Appellant's propensity to sexually assault children"). Additionally, potential prejudice may be mitigated when, as here, the extraneous acts are no more serious than the allegations that are the basis for the charged offense. *See Robisheaux*, 483 S.W.3d at 220 (noting that although extraneous-offense testimony might have had tendency to suggest decision on improper basis because testimony pertained to previous sexual assault of minor, this potential was ameliorated somewhat because sexual-misconduct testimony "discussed actions that were no more serious than the allegations forming the basis for the indictment"). Thus, the second factor weighs in favor of admission because article 38.37 expressly allows such evidence in prosecutions such as these and the admitted evidence of the extraneous offenses was no more serious than the charged offenses.

As to the third factor relating to the time needed to develop the evidence during which a jury would be distracted from consideration of the indicted offense, Holland argues that the fact that the State presented the testimony of the two victims and the documentary evidence of the juvenile stipulation of the evidence and disposition first in the trial prior to any evidence of the convicted offenses at issue in this appeal leads to the likelihood that the jury was distracted from the current offenses. While certainly the evidence was admitted for the purpose of establishing that Holland had the propensity to sexually assault male children of a certain age range, that is the purpose of admitting that type of evidence. The time the State took to present the evidence did not take up an excessive amount of time. We find that this factor weighs in favor of admission.

As to the fourth factor, Holland contends that the State's need for that evidence was minimal because his propensity to commit the offenses was not related to an issue in dispute. However, this case was largely a "he said, he said" question for the jury. There was testimony from an outcry witness and medical records from a SANE exam admitted into evidence that mostly followed the victims' description of the events. However, the medical records did not show any physical evidence of the offenses. One of the victims alleged that he was assaulted after he had been restrained by straps in the back of Holland's vehicle, but the straps found in the back of Holland's vehicle did not have any biological evidence on them. Holland attempted to show that the victims were not being truthful in their assertions and that he did not commit the offenses. The challenges to the victims' credibility increased the State's need for the extraneous-offense evidence. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd) (concluding that extraneous-offense evidence was probative to rebut defensive theory of fabrication). Thus, the trial court could have reasonably determined that the State's need for this evidence was great and weighed in favor of admission.

We find that all the Rule 403 balancing factors favored admission of the extraneous offenses. Accordingly, we conclude that the trial court did not abuse its discretion by overruling Holland's Rule 403 objection and determining that the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of unfair prejudice. We overrule Holland's first issue.

**CONSTITUTIONALITY OF SECTION 21.01 OF THE TEXAS PENAL CODE**

In his second issue, Holland complains that Section 21.01 of the Texas Penal Code is facially unconstitutional. Holland concedes that he did not preserve this issue by objecting at trial and that this Court cannot properly address it. A facial challenge to the constitutionality of a statute may not be raised for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Holland's second issue is overruled.[1]

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed October 24, 2024
Publish
[CRPM]



---

[1] Although Holland acknowledges that we are constrained against addressing this issue, we do not believe that this issue was raised frivolously. We acknowledge that a recognition by a higher court that preservation should not be required prior to raising this issue on appeal is the only potential recourse Holland has to raise his contentions.